**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

BARRY VAUGHN,

        Petitioner,

                                  CIVIL NO. 2:14-CV-12660
v.                                  HONORABLE LAWRENCE P. ZATKOFF
                                  UNITED STATES DISTRICT COURT

RACHEL CHAPA,

        Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS**

Barry Vaughn, ("Petitioner"), incarcerated at the La Tuna Federal Correctional Institution in Anthony, Texas, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  In his *pro se* application, Petitioner challenges the State of Michigan's failure to bring him to trial in the Wayne County Circuit Court on pending charges of assault with a dangerous weapon, possession of a firearm by a felon, and possession of a firearm in the commission of a felony ("felony-firearm"). For the reasons stated below, the petition for writ of habeas corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE, the certificate of appealability is DENIED, and leave to appeal *in forma pauperis* is DENIED.

**I.  BACKGROUND**

Petitioner alleges that he was indicted by a grand jury in the Wayne County Circuit Court on March 20, 2008, for four counts of assault with a dangerous weapon, one count of possession of

---

[1] Because Petitioner's application for a writ of habeas corpus pertains to charges for which he has not yet been tried, it is proper for him to seek habeas relief under the traditional habeas statute, 28 U.S.C. § 2241, rather than under 28 U.S.C. § 2254.  *See Klein v Leis*, 548 F.3d 425, 430 n.4 (6th Cir. 2008).

a firearm by a felon, and one count of felony-firearm. Petitioner failed to appear for a hearing on August 14, 2008, and the Wayne County Circuit Court issued a warrant for Petitioner's arrest. The charges remain pending against Petitioner.

Petitioner was subsequently convicted in the United States District Court for the Southern District of West Virginia of distributing oxycodone. Petitioner was sentenced to 188 months in federal prison. Petitioner's conviction was affirmed on appeal. *See U.S. v. Vaughn,* 453 Fed. Appx. 424 (4th Cir. 2011); *cert. den.* 132 S. Ct. 1778 (2012).

Petitioner claims he received a detainer action letter from his case manager at the federal prison on May 12, 2013. As a result of this letter, Petitioner filed a notice of incarceration with the Wayne County Circuit Court and the Wayne County Prosecutor pursuant to the Interstate Agreement on Detainers Act ("IADA"). Pub. L. 91-538, § 1, Dec. 9, 1970, 84 Stat. 1397. The Wayne County Prosecutor responded by letter on September 20, 2013, informing Petitioner that she did not intend to seek Petitioner's extradition to Michigan at that time. On February 20, 2014, Petitioner filed a motion to dismiss the indictment with the Wayne County Circuit Court alleging that the Wayne County Prosecutor failed to comply with Article III of the IADA, which requires that Petitioner be brought to trial within 180 days of the issuance of the detainer. Petitioner claims that the Wayne County Circuit Court has not acted on that motion. Petitioner has not appealed the Wayne County Circuit Court's alleged failure to adjudicate the motion to dismiss with the Michigan Court of Appeals or the Michigan Supreme Court.[2]

---

[2] This conclusion is based on information from the Michigan Court of Appeals' website, coa.courts.mi.gov/, and from Westlaw's website, www.westlaw.com. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. *See United States ex. rel. Dingle v. BioPort Corp.,* 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

Petitioner seeks a writ of habeas corpus, claiming that the State of Michigan's failure to return Petitioner to Michigan to stand trial for his pending state criminal charges violates his Sixth Amendment right to a speedy trial by failing to comply with the IADA.

## II. DISCUSSION

The instant petition must be dismissed because Petitioner has yet to be convicted of the criminal charges pending in Wayne County Circuit Court. In the absence of "special circumstances," federal habeas corpus relief is not available to review the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). A state criminal case is therefore ordinarily ripe for federal habeas review only after the defendant has been tried, convicted, sentenced, and has pursued his or her direct appeal. *Allen v. Attorney General of the State of Maine*, 80 F. 3d 569, 572 (1st Cir. 1996); *See also Hoard v. State of Michigan*, No. 05-CV-73136-DT; 2005 WL 2291000, *1 (E.D. Mich. September 19, 2005). Although federal courts have jurisdiction to hear pre-trial habeas corpus petitions, a federal court should normally abstain from exercising this jurisdiction to consider a pre-trial habeas petition if the issues raised in the petition may be resolved either by trial in the state courts or by other state procedures available to the petitioner. *See Atkins v. People of the State of Michigan*, 644 F. 2d 543, 545-546 (6th Cir. 1981). Where a habeas petitioner's claims, if successful, would be dispositive of pending state criminal charges, the claims may be exhausted only by presenting the issues at the trial in state court, including claims that provide an affirmative defense to the criminal charges and claims that would "abort a state criminal proceeding, dismiss an indictment, or prevent a prosecution." *Moore v. United States*, 875 F. Supp. 620, 622 (D. Neb. 1994). The practical effect of this exhaustion requirement is that review of

dispositive claims in a habeas petition is not available prior to a state trial. *Id.*

The rule that pre-judgment habeas relief is unavailable to a state prisoner is not absolute. One exception to this rule pertains to claims that an impending state trial would violate the Double Jeopardy Clause of the federal constitution. *See Klein,* 548 F. 3d at 430, n.2; *Moore*, 875 F. Supp. at 622, n.2. Petitioner does not allege that the pending state court charges violate his rights under the Double Jeopardy Clause.

Another exception to this rule would involve a pre-trial habeas petition in which a state prisoner asserted his or her speedy trial rights for the sole purpose of seeking a writ of habeas corpus that would order the state to bring the prisoner to trial in a timely manner. *See Atkins*, 644 F. 2d at 547. Although an attempt to dismiss an indictment or otherwise prevent a prosecution is normally not attainable by way of pre-trial habeas corpus, an attempt to force the state to go to trial may be made prior to trial, although state court remedies would still have to be exhausted. *Id.*

Petitioner contends that the State of Michigan has violated the IADA by refusing to bring him back to Michigan to stand trial on his pending criminal charges. This Court is unable to provide Petitioner with the relief he seeks for two reasons.

First, to the extent that Petitioner seeks dismissal of his pending criminal charges, he is not entitled to habeas relief. Speedy trial considerations can be a basis for federal pre-trial habeas relief, but only where the petitioner seeks to force the state to bring him to trial; they are not a basis for dismissing a pending state criminal charge outright. *See Atkins,* 644 F. 2d at 547. To the extent that Petitioner seeks the outright dismissal of the pending state criminal case, he is not entitled to habeas relief. A pre-judgment habeas petition seeking dismissal of charges on speedy trial grounds must await the conclusion of state proceedings. *See In Re Justices of Superior Court Dept. of*

*Massachusetts Trial Court,* 218 F. 3d 11, 18, n.5 (1st Cir. 2000) (internal citations omitted).

Secondly, to the extent that Petitioner seeks to compel the state court to bring him to trial, his habeas petition is premature because Petitioner has not exhausted his state court remedies. The habeas corpus statute for pre-trial relief requires the exhaustion of state court remedies. *See Dickerson v. State of La.,* 816 F. 2d 220, 225 (5th Cir. 1987); *See also Dillon v. Hutchinson,* 82 Fed.Appx. 459, 461-62 (6th Cir. 2003) (pre-trial habeas petitioner not entitled to habeas relief when he failed to exhaust his IADA claim in state court). Petitioner is not entitled to a writ of habeas corpus to compel the state court to promptly bring him to trial because he has not exhausted his state court remedies with respect to that claim. *Dickerson,* 816 F. 2d at 228. Under Michigan law, if a criminal defendant's pre-trial motion is improperly overruled, he may file an emergency interlocutory appeal. *See People v. Reid,* 113 Mich. App. 262, 268; 317 N.W. 2d 589 (1982). Additionally, to the extent that Petitioner alleges that the trial court failed to adjudicate his pre-trial motion, he may seek superintending control from the Michigan Court of Appeals pursuant to M.C.R. 3.302 (D)(1) and M.C.R. 7.203 (C)(1), under which that court may order the Wayne County Circuit Court to adjudicate his pre-trial motion. If the Michigan Court of Appeals fails to exercise superintending control, Petitioner could seek superintending control from the Michigan Supreme Court pursuant to M.C.R. 7.301(A)(6). Because there is no indication that Petitioner raised his claims with the Michigan appellate courts, his state court remedies are unexhausted. *Compare Atkins*, 644 F. 2d at 548.

Accordingly, the Court denies the habeas petition without requiring Respondent to answer because it appears that Petitioner is not entitled to habeas relief. 28 U.S.C. § 2243.

### III. CONCLUSION

The Court will dismiss the petition for writ of habeas corpus without prejudice. The Court will also deny a certificate of appealability to Petitioner.

28 U.S.C. § 2253 governs appeals in habeas corpus proceedings. Whether a petitioner's habeas corpus petition was brought under § 2254 or brought under § 2241, he must obtain a certificate of appealability before appealing this Court's denial of his habeas petition. *See* § 2253(c)(1)(A); *Greene v. Tennessee Dep't of Corrections*, 265 F. 3d 369, 372 (6th Cir. 2001) (a state prisoner who seeks habeas corpus relief under § 2241 must obtain a certificate of appealability to bring an appeal); *Stringer v. Williams*, 161 F. 3d 259, 262 (5th Cir. 1998) (pre-trial detainee who challenged pending state prosecution under § 2241 was required to obtain a certificate of appealability).

Section 2253(c)(2) states, in pertinent part, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *See also Lyons v. Ohio Adult Parole Auth.*, 105 F. 3d 1063, 1073 (6th 1997). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a).

For the reasons stated in this opinion, the Court denies Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. Jurists of reason would not find this Court's resolution of Petitioner's claims to be debatable or wrong. *See Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001). In particular, jurists of reason would not find debatable this Court's determination that Petitioner failed to exhaust his state court remedies before filing his pre-trial habeas petition. *See Fuller v. Kansas,* 324 Fed Appx. 713,

717 (10th Cir. 2009). The Court also denies Petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous. *Myers*, 159 F. Supp. 2d at 629.

## IV. ORDER

Accordingly, the Petition for Writ of Habeas Corpus is SUMMARILY DISMISSED WITHOUT PREJUDICE.

The Court DENIES the certificate of appealability.

The Court DENIES petitioner leave to appeal *in forma pauperis*.

IT IS SO ORDERED.

                                                        S/Lawrence P. Zatkoff
                                                        HON. LAWRENCE P. ZATKOFF
Dated: July 31, 2014                     UNITED STATES DISTRICT JUDGE